Scott, J.
delivered the opinion of the court—That the rule which gives to a legatee for life, the absolute property in articles consumable in the use, is applicable only to such as the testator intended for consumption, not to such as in the ordinary course of business are for sale. That the commissioner in his first report; properly allowed to mrs. Woodcock so much of the crops left by the testator on hand as was necessary for consumption in her family and on the farm, and properly charged her with the proceeds and value of the sur_plus; and, therefore, the first exception of the appellee to that report ought to have been overruled. And that the general instructions of the court of chancery to the commissioner, in regard to such articles as horses, wagons, implements of husbandry, and the like, the enjoyment of which might or might not have consumed the subject during the life of the legatee for life, and in regard to flocks of sheep and such like, were, in this case, proper.
That mrs. Woodcock's gift of Briarly's bond, or of her interest in it, to Dunbar, was valid; and, therefore, the interest which accrued on that bond during her life, ought not to have been charged to his estate. That the opinion, declared in the interlocutory order of the court of chancery, sustaining the appellee’s fifth exception to *654 the commissioner’s first report, for omitting that charge against Dunbar’s estate, might have been, upon the state of facts then appearing, and probably was, correct; but without deciding whether it was so or not, the court was opinan, that, upon the evidence subsequently filed, that exception ought also to have been overruled. That the court, without intending to say what would be a final decree, which would preclude a party from taking new evidence wdthout having obtained a review or rehearing, was of opinion, that an opinion given, in the progress of an account, upon exceptions to a report, or instructions to a commissioner, as to the propriety of allowing items of debit or credit, was not such a final decree; and therefore the new evidence in this case ought to have been received and considered.
That the court of chancery erred, in sustaining the appellee’s fourth exception to the commissioner’s first report, and properly overruled his second, third, sixth, and seventh exceptions thereto.
A.nd that the court of chancery erred, in decreeing interest on the balance reported against Dunbar’s estate, from September 1816.
Therefore, the decree was reversed with costs, and the cause remanded to the circuit superior court of Frederick, for further proceedings to be had therein according to the principles declared in this decree, with instructions to allow interest on the balance which may be found due from the date of the final decree.
Decree reversed, .and cause remanded.